# LUCAS COUNTY COMMON PLEAS COURT
## CASE DESIGNATION

TO: Bernie Quilter, Clerk of Courts

CASE NO. G-4801-CI-0201802490-000

Judge **STACY L. COOK**

JUDGE_____

**The following type of case is being filed:**

**Professional Malpractice**
- [ ] Legal Malpractice (L)
- [ ] Medical Malpractice (M)

- [ ] Product Liability (B)
- [x] Other Tort (C)

**Workers' Compensation**
- [ ] State Funded (D)
- [ ] Self Insured (K)

- [ ] Administrative Appeal (F)

- [ ] Commercial Docket

By submitting the complaint, with the signature of the Attorney, the Attorney affirms that the name of person with settlement authority and his/her direct phone number will be provided upon request to a party or counsel in this matter

**Other Civil**
- [ ] Consumer Fraud (N)
- [ ] Forfeiture
- [ ] Appropriation (P)
- [ ] Court Ordered
- [ ] Other Civil (H)
- [ ] Certificate of Title
- [ ] Copyright Infringement (W)

This case was previously dismissed pursuant to CIVIL RULE 41 and is to be assigned to Judge **N/A**, the original Judge at the time of dismissal. The previously filed case number was CI **N/A**.

This case is a civil forfeiture case with a criminal case currently pending. The pending case number is_____, assigned to Judge _____

This case is a Declaratory Judgment case with a personal injury or related case currently pending. The pending case number is_____, assigned to Judge _____

This case is to be reviewed for consolidation in accordance with Local Rule 5.02 as a companion or related case. This designation sheet will be sent by the Clerk of Courts to the newly assigned Judge for review with the Judge who has the companion or related case with the lowest case number. The Judge who would receive the consolidated case may accept or deny consolidation of the case. Both Judges will sign this designation sheet to indicate the action taken. If the Judge with the lowest case number agrees to accept, the reassignment of the case by the Administration Judge shall be processed. If there is a disagreement between the Judges regarding consolidation, the matter may be referred to the Administrative Judge.

Related/companion case number_____ Assigned Judge_____

_____  _____  _____  _____
Approve/Deny                Date         Approve/Deny                Date

**Attorney** Taylor R. Ward, Esq.
**Address** 3361 Executive Parkway, Suite 100
Toledo, Ohio 43606
**Telephone** 419-536-8600

783538



FILED
LUCAS COUNTY

2018 MAY 21 PM 2:58

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

## IN THE COURT OF COMMON PLEAS, LUCAS COUNTY, OHIO

| | |
|---|---|
| Kelly Sink<br>7615 Chapelview Court<br>Temperance, Michigan 48182<br><br>Plaintiff,<br><br>vs.<br><br>National Health Insurance Company<br>4455 LBJ Freeway Suite 375<br>Dallas, Texas 75244<br><br>and<br><br>John Does 1-3, ABC Corps. 1-3<br>(no service necessary on fictitious parties)<br><br>Defendants. | Case No.: _____<br><br>G-4801-CI-0201802490-000<br>Judge<br>Judge **STACY L. COOK**<br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)**<br><br>Taylor R. Ward, Esq. (#0092383)<br>Dixon Hayes & Witherell, Ltd<br>3361 Executive Parkway, Suite 100<br>Toledo, Ohio 43606<br>Ph: 419-536-8600<br>Fx: 419-534-5934<br>Email: tward@dixonhayes.com |

Plaintiff, Kelly Sink, by and through her attorneys, for her complaint against the above-named Defendants, jointly, severally, or in the alternative, states and avers as follows:

### INTRODUCTION

1. This is an action brought by Kelly Sink involving the failure of Defendants to pay medical bills and provide coverage for health related treatment as required by contract for common law breach of contract. Defendants acted in bad faith by failing to properly and promptly process and administer the claims and appeals, and failing to pay claims due and owing.

783538

2. This Court has jurisdiction because some or all of the transactions complained of herein, and out of which this action arises, occurred in this county.

## PARTIES

3. Plaintiff Kelly Sink nee Cleveland, ("Plaintiff Sink"), at all times relevant hereto, resided in Ohio at 4215 Douglas Road, Toledo, Ohio 43613.

4. Defendant, National Health Insurance Company, is a corporation engaged in the business of insurance.

5. Defendants, John Does 1-3 and ABC Corps. 1-3 are fictitious parties who are entities and/or individuals who have yet to be identified by plaintiffs as defendants but whose identity as defendants may be revealed during the period of discovery that will occur relative to this action and who may be liable for plaintiffs' damages as referenced herein. Said fictitious names and Defendants are collectively hereinafter referred to as "Defendants".

## FACTUAL ALLEGATIONS

6. On or about October 24, 2015, Plaintiff Kelly Sink entered an agreement with National Health Insurance Company wherein Plaintiff Sink would pay a policy premium in exchange for insurance benefits and coverage provided by National Health Insurance Company. The policy is written with the insured listed as Kelly Cleveland which is Plaintiff Kelly Sink's maiden name.

7. November 1, 2015 was the effective date of the insurance policy.

8. Plaintiff Sink and Defendants entered a legally binding contract. *See* Exhibit A. Defendants agreed to insure Plaintiff Sink and to pay the benefits provided by the policy, should it be necessary and recognized the Policy as a legal contract between Plaintiff Sink and Defendants.

9. The detailed terms are set forth in the policy. The signed agreement and Benefit Schedule are attached to this Complaint. Defendants are in possession of the full policy given that they drafted the entire policy which is a contract of adhesion.

10. Plaintiff Sink has fulfilled all obligations and duties under her contract with Defendants, including the payment of premiums payable and any medical claim reporting requirements.

11. On November 1, 2015, Plaintiff Sink had health issues arise suddenly and unexpectedly, which required emergency medical attention. Plaintiff Sink underwent various medical procedures in November of 2015.

12. Plaintiff Sink and the medical professionals both promptly notified Defendants of the medical costs incurred in Plaintiff's treatment.

13. Defendants through its authorized agents, representatives, or servicers administered the claim.

14. Defendants stalled, delayed, and unnecessarily failed to provide coverage in a prompt and efficient manner. For over a year, Defendants continued to send Plaintiff generic letters advising Plaintiff Sink that a "claim determination will be made within 30 days," yet failing to make such determination. Plaintiff Sink increasingly received collection letters from medical health providers. Defendants negligently, recklessly, and maliciously failed to process the complaint in a timely, responsible and reasonable manner.

15. As a result of Defendants failure to provide a claim approval or denial, Plaintiff Sink appealed the claim to force a determination. Plaintiff Sink submitted the appeal on three separate occasions. Finally, after the third submission, Plaintiff received a response from Defendants' representative by telephone. At that time, Defendants' representative advised

coverage was denied due to a pre-existing condition. Defendants' processing and administration of the appeal was in bad faith, malicious, reckless and unreasonable.

16. Defendant denied coverage despite lacking any reasonable justification for the denial under the terms of the contract. Defendants' denial was arbitrary, capricious, and without reasonable justification.

17. Defendant failed to pay medical bills and related costs that are in excess of $20,000.00.

18. As a direct and proximate result of the Defendants' actions, Plaintiff Kelly Sink has suffered and will continue to suffer damages and loss.

## FIRST CAUSE

19. Plaintiff repeats and incorporates all paragraphs of the complaint as if set forth more fully herein.

20. Plaintiff and Defendant had a contract as set forth and alleged above.

21. Defendants had an obligation to reasonably process, evaluate and pay claims that were to be covered by the policy.

22. The conduct of the Defendants constituted a material breach of contract as to the Plaintiff set forth above.

23. As a direct and proximate result of the breach of the contract and their respective duties owed to Plaintiff, Defendants caused Plaintiff to suffer damages.

## SECOND CAUSE

24. Plaintiff repeats and realleges each and every paragraph of the complaint as though same were set forth at length herein.

25. Defendants provided insurance coverage to Plaintiff Sink at all relevant times hereto. Defendants owed Plaintiff a duty of good faith and fair dealing with respect to its handling, administration, and payment of the claim at issue in this matter.

26. Defendants knowingly, intentionally, and maliciously acted in bad faith by acting as follows: Defendants failed to process, investigate, and administrate the claims in a reasonable amount of time and/or in a reasonable manner; Defendants failed to pay claims within the policy coverage, and failed to provide coverage; Defendants failed to affirm or deny coverage within a reasonable time after proof of loss had been provided; Defendants failed to reasonably process Plaintiff's attempts to appeal their failure to process the claim and provide an answer as to whether the claim was approved/denied; Defendants failed to provide coverage and pay claims owed under the policy. Defendants actions/failure to act was in bad faith.

27. Defendants actions are unreasonable and are not predicated upon circumstances that furnish a reasonable justification. Defendants' actions were arbitrary, capricious, and/or without fair, solid, and substantial cause; without reason given, and without adequate determining principle.

28. As a direct and proximate result of Defendants' actions or inaction that was knowing, intentionally and/or recklessly done in bad faith, Plaintiff has suffered damages.

WHEREFORE, plaintiff Kelly Sink prays this Court for the following upon Defendant National Health Insurance Company and John Does 1-3 and ABC Corps. 1-3: damages in excess of $25,000.00 for compensatory, consequential, incidental; punitive damages for actions in bad

faith; interest, including prejudgment and post judgment interest at the maximum rate allowable by law; attorney fees; and grant plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

By: _____
Taylor R. Ward, Esq. (092383)
Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all issues herein so triable.

By: _____
Taylor R. Ward, Esq. (092383)

783538


**National Health Insurance Company**
**2200 Highway 121, Bedford, TX 76021**

## SHORT TERM MEDICAL INSURANCE POLICY

**Policy Holder:**   Kelly Cleveland
**Policy Number:**   10001GD_6H1FNA - MM658988660
**Effective Date:**   11/01/2015

This Policy is a legal contract between You and Us. To understand this Policy, You must read this Policy as a whole.

In this Policy, the words You and Your and Named Insured refer to the Policy Holder shown above. Benefit payment is governed by the terms of this Policy. The words Covered Person refer to any person covered under this Policy as described on the Benefit Schedule. The words We, Us, Our or Company refer to National Health Insurance Company. The male pronoun includes the female whenever used.

We agree to insure certain individuals and to pay the benefits provided by this Policy in accordance with its provisions. This Policy is issued in consideration of statements made in the application and the payment of premiums by the Policy Holder, to take effect as of the Effective Date. This policy will terminate as hereinafter provided. A copy of the signed application will be attached and made a part of this Policy.

The first premium is due on or before the Effective Date and future premiums are due as stated herein during the continuance of this Policy.

All periods will begin and end at 12:01 A.M. Standard Time at the Policy Holder's main address.

### 10-DAY RIGHT TO RETURN THE POLICY
If for any reason You are not satisfied with this Policy, You may return it to Us within 10-days after You receive it. We will refund any premium paid and Your coverage issued under the Policy will be deemed void, just as though coverage had not been issued.

**TO OBTAIN INFORMATION YOU MAY CALL OUR TOLL FREE NUMBER: 1-866-596-5817**

For National Health Insurance Company:

*Jeffrey Likeman* (signature)
Secretary

*Linda W. Harris* (signature)
President

NOTICE: IF YOU OR YOUR FAMILY MEMBERS ARE COVERED BY MORE THAN ONE HEALTH CARE PLAN, YOU MAY NOT BE ABLE TO COLLECT BENEFITS FROM BOTH PLANS. EACH PLAN MAY REQUIRE YOU TO FOLLOW ITS RULES OR USE SPECIFIC DOCTORS AND HOSPITALS, AND IT MAY BE IMPOSSIBLE TO COMPLY WITH BOTH PLANS AT THE SAME TIME. READ ALL OF THE RULES VERY CAREFULLY, INCLDUING THE COORDINATION OF BENEFITS SECTION, AND COMPARE THEM WITH THE RULES OF ANY OTHER PLAN THAT COVERS YOU OR YOUR FAMILY.

### Limited Benefit, Please Read Carefully

**THE COVERAGE IS NON-RENEWABLE SHORT TERM INSURANCE.**

**IT WILL NOT BE RENEWED AT THE END OF THE COVERAGE PERIOD.**

**READ THIS POLICY CAREFULLY.**

NHIC IND STM OH 2014 POL              1


EXHIBIT A

783538

**National Health Insurance Company**
**2200 Highway 121**
**Bedford, TX 76021**

BENEFIT SCHEDULE

| | |
|---|---|
| Named Insured: | Kelly Cleveland |
| Policy Number: | 10001GD_6H1FNA - MM658988660 |
| Policy Effective Date: | 11/01/2015 |
| Coverage Period: | 6-11 months |
| Coverage: | Individual |

**COVERAGE AND BENEFIT AMOUNTS**

| | |
|---|---|
| **DEDUCTIBLE** | |
| Individual Deductible – Per Covered Person per Coverage Period | $2,500 |
| Family Deductible – Per insured family | When three (3) individual Covered Persons in a family satisfy their Individual Deductibles, the Deductibles for any remaining Covered Persons in the family are deemed satisfied for the remainder of the Coverage Period. |
| **COINSURANCE** | 100% |
| **OUT OF POCKET (Includes Deductible)** | $2,500 |
| **MAXIMUM BENEFIT per COVERAGE PERIOD** | $1,000,000 |
| **Pre-Authorization penalty: lessor of 50% of Covered Expenses not pre-authorized or $2500** | |
| **Hospital Confinement** | |
| Hospital Confinement Benefit | Subject to Deductible and Coinsurance; Not to exceed average semi-private room and board rate |
| Hospital Intensive Care Unit Confinement Benefit | Subject to Deductible and Coinsurance; Not to exceed average semi-private room and board rate |
| IP Physician | Subject to Deductible and Coinsurance |
| Surgeon | Subject to Deductible and Coinsurance |
| Assistant Surgeon | Subject to Deductible and Coinsurance; up to 20% Surgeon's Benefit |
| Emergency Room Benefit | Additional Deductible of $250 per visit unless admitted to Hospital |
| Ambulance | Maximum of $250 per trip |
| **Skilled Nursing Facility Benefit** | Maximum of $150 per Day; Maximum of 50 Days per Coverage Period |
| **Outpatient Hospital Benefit** | Subject to Deductible and Coinsurance |
| **Anesthesia Benefit** | Subject to Deductible and Coinsurance; up to 20% Surgeon's Benefit |
| **Urgent Care Facility Benefit** | $50 Copay, then subject to Coinsurance |
| **Doctor's Office Visit Benefit** | |
| Doctor's Office Benefit (including Routine Physical Exam and Well Child Care) | 3 Office Visits per Coverage Period not subject to Deductible and Coinsurance, maximum of $50 per visit; All additional Office Visits subject to Deductible and Coinsurance |
| **Home Health Care Benefit** | Max 1 visit per Day; 60 visit Maximum per Coverage period |

NHIC IND STM 2014-SCHED

1

783538

| | |
|---|---|
| **Diagnostic Tests Benefit** | |
| MRI; CAT; PET; Colonoscopy; Bone Marrow Test; Stress Test, Laboratory Test, Mammography; EEG; X-Ray; Breast Ultrasound; Sigmoidoscopy | Subject to Deductible and Coinsurance |
| **Transplant Benefit** | Up to $100,000 Maximum per Coverage Period |
| Donor Benefit | Maximum of $10,000 per Coverage Period |
| **Mental and Nervous Disorder Benefit** | |
| Mental and Nervous Disorder Inpatient Benefit | Maximum of $100 per Day to Maximum of 31 Days per Coverage Period |
| Mental and Nervous Disorder Outpatient Benefit | Maximum of $50 per visit; Maximum of 10 visits per Coverage Period |
| **Radiation/Chemotherapy Benefit** | Subject to Deductible and Coinsurance |
| **Reconstructive Surgery Benefit** | Subject to Deductible and Coinsurance |
| **Hemodialysis Benefit** | Subject to Deductible and Coinsurance |
| **Oxygen Benefit** | Subject to Deductible and Coinsurance |
| **Physical Therapy Benefit** | Maximum of $50 per Day |
| **Dental Care for Injuries Benefit** | Subject to Deductible and Coinsurance |
| **DME Benefit** | Subject to Deductible and Coinsurance |
| **Prosthetics Benefit** | Subject to Deductible and Coinsurance; |

## LUCAS COUNTY COMMON PLEAS COURT
CORNER ADAMS & ERIE STREETS
TOLEDO, OHIO 43604
### SUMMONS
### CIVIL ACTION

**FILING TYPE:**          **OTHER TORT**

NATIONAL HEALTH INSURANCE COMPANY     G-4801-CI-0201802490-000
4455 LBJ FREEWAY SUITE 375                     JUDGE: STACY L COOK
DALLAS, TX 75244

    You have the right to seek legal counsel. If you cannot afford a lawyer, you may contact the Legal Services of Northwest Ohio. If you do not qualify for services by the Legal Services of Northwest Ohio and do not know an attorney you may contact the Toledo Bar Association's Lawyer Referral Service (419) 242-2000.

    You have been named as a defendant in a Complaint filed in this Court by the plaintiff named below. A copy of the Complaint is attached to this Summons.

    You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, a copy of an answer to the complaint, within twenty-eight (28) days after you receive this Summons, exclusive of the of the day of service or to an amended complaint within the remaining response time to the complaint or 14 days, whichever period may be longer. Your answer must be filed with the Clerk of Court of Common Pleas within three (3) days after the service of a copy of the Answer on the plaintiff's attorney.

    If you fail to serve and file your Answer, judgment by default will be rendered against you for the relief demanded in the Complaint.

| PLAINTIFF (S) | ATTORNEY FOR PLAINTIFF(S) |
|---|---|
| KELLY SINK | TAYLOR WARD |
| 7615 CHAPELVIEW COURT | DIXON HAYES AND WITHERELL LTD |
| TEMPERANCE, MI 48182 | 3361 EXECUTIVE PARKWAY SUITE 100 |
| | TOLEDO, OH 43606 |

BERNIE QUILTER
CLERK OF COURTS

Date: May 22, 2018

_____ Bernie Quilter _____, Clerk



# IF YOU DO <u>NOT</u> HIRE AN ATTORNEY
## PLEASE READ & RESPOND
(mark <u>one</u> & respond)

☐ I request to be notified by <u>email</u>

My email address _____

OR

☐ I request to be notified by <u>regular mail</u>
*(Clerk will forward to Court for approval)*

My mailing address _____
_____
_____

**Send email to:** Lwatt@co.lucas.oh.us
**Subject:** G-4801-CI-0201802490-000
NATIONAL HEALTH INSURANCE COMPANY
**Message:** Your email address

**Return this Form with your address to:**
Clerk of Court
Lucas County Common Pleas Court
700 Adams
Toledo, OH 43604

### If you do NOT hire an attorney & fail to respond you will NOT receive notification of events related to this case

Case Information is available Online at:
www.co.lucas.oh.us/Clerk
click on the "Dockets Online" link

*Local Rule 5.05 H. SERVICE BY CLERK'S OFFICE Once journalized, the Clerk of courts Office will transmit the entries to the email address submitted by the parties. Counsel for a party or Pro Se litigant representing themselves who do not have an email address may, by motion, request ordinary mail service of entries by the Clerk of Courts Office.*

783538
G-4801-CI-0201802490-000  NATIONAL HEALTH INSURANCE COMPANY  Generated: May 22, 2018

## LUCAS COUNTY COMMON PLEAS COURT
CORNER ADAMS & ERIE STREETS
TOLEDO, OHIO 43604
## SUMMONS
## CIVIL ACTION

**FILING TYPE:**          **OTHER TORT**

JOHN DOES 1 THROUGH 3          G-4801-CI-0201802490-000
NO SERVICE NECESSARY ON FICTITIOUS          JUDGE: STACY L COOK
PARTIES

You have the right to seek legal counsel. If you cannot afford a lawyer, you may contact the Legal Services of Northwest Ohio. If you do not qualify for services by the Legal Services of Northwest Ohio and do not know an attorney you may contact the Toledo Bar Association's Lawyer Referral Service (419) 242-2000.

You have been named as a defendant in a Complaint filed in this Court by the plaintiff named below. A copy of the Complaint is attached to this Summons.

You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, a copy of an answer to the complaint, within twenty-eight (28) days after you receive this Summons, exclusive of the of the day of service or to an amended complaint within the remaining response time to the complaint or 14 days, whichever period may be longer. Your answer must be filed with the Clerk of Court of Common Pleas within three (3) days after the service of a copy of the Answer on the plaintiff's attorney.

If you fail to serve and file your Answer, judgment by default will be rendered against you for the relief demanded in the Complaint.

| PLAINTIFF (S) | ATTORNEY FOR PLAINTIFF(S) |
|---|---|
| KELLY SINK | TAYLOR WARD |
| 7615 CHAPELVIEW COURT | DIXON HAYES AND WITHERELL LTD |
| TEMPERANCE, MI 48182 | 3361 EXECUTIVE PARKWAY SUITE 100 |
| | TOLEDO, OH 43606 |

BERNIE QUILTER
CLERK OF COURTS

Date: May 22, 2018

_____, Clerk

783538
G-4801-CI-0201802490-000   JOHN DOES 1 THROUGH 3   Generated: May 22, 2018



# IF YOU DO NOT HIRE AN ATTORNEY
## PLEASE READ & RESPOND
(mark one & respond)

☐ I request to be notified by **email**

My email address _____

**OR**

☐ I request to be notified by **regular mail**
*(Clerk will forward to Court for approval)*

My mailing address _____
_____
_____

**Send email to:** Lwatt@co.lucas.oh.us
**Subject:** G-4801-CI-0201802490-000
JOHN DOES 1 THROUGH 3
**Message:** Your email address

**Return this Form with your address to:**
Clerk of Court
Lucas County Common Pleas Court
700 Adams
Toledo, OH 43604

### If you do NOT hire an attorney & fail to respond
### you will NOT receive notification of events related to this case

Case Information is available Online at:
www.co.lucas.oh.us/Clerk
click on the "Dockets Online" link

*Local Rule 5.05 H. SERVICE BY CLERK'S OFFICE Once journalized, the Clerk of courts Office will transmit the entries to the email address submitted by the parties. Counsel for a party or Pro Se litigant representing themselves who do not have an email address may, by motion, request ordinary mail service of entries by the Clerk of Courts Office.*

783538
G-4801-CI-0201802490-000  JOHN DOES 1 THROUGH 3  Generated: May 22, 2018

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NATIONAL HEALTH INSURANCE COMPANY
G-4801-CI-0201802490-000#6 *

9590 9402 3731 7335 8753 12

2. Article Number (Transfer from service label)

7017 3380 0000 1627 5044

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X M Sansful
☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053       Domestic Return Receipt



USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 3731 7235 8753 12

United States Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Bernie Quilter
Lucas County Clerk of Courts
700 Adams St.
Toledo, Ohio 43604

FILED
JUN 21 2018
Lucas Co. Com. Pleas Court
Bernie Quilter, Clerk

783538